# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITE HERE LOCAL 1,** ) | |
|        **Plaintiff/Petitioner,** ) | |
| ) | No. 07 CV 2530 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| **THE STANDARD CLUB,** ) | |
|        **Defendant/Respondent.** ) | |

## MEMORANDUM AND ORDER

Petitioner Unite Here Local 1 ("Union") seeks to compel the Standard Club ("Company") to arbitrate a dispute regarding suspension and termination of an employee under the parties' collective bargaining agreement. For the reasons set forth below, the petition is granted.

## Background

Standard Club, the Company, is an Illinois not-for-profit corporation. The Union is the bargaining representative of a bargaining unit of the Company's employees. Daniel Luna ("Luna") was an employee represented by the Union. On February 23, 2006, the Company suspended Luna pending investigation for possible termination due to Luna's alleged refusal to cooperate with the Company's anti-drug program and his failure to pass a drug test. On February 27, 2006, the Union submitted a written grievance regarding Luna's suspension with the Company. By letter dated April 3, 2006, the Union submitted the grievance for arbitration. One day later, on April 4, 2006, the Company terminated Luna. The Union did not file a separate written grievance about Luna's termination.

By letter dated October 6, 2006, the Union requested a panel of arbitrators from the Federal Mediation & Conciliation Service ("FMCS") for arbitration. After the FMCS issued a

panel of arbitrators, the Company refused to proceed with arbitration by contending that Luna's termination is not arbitrable. In particular, the Company contends that the Union failed to address the termination by a separate written grievance, which is allegedly required by the grievance procedure for disputes under the Collective Bargaining Agreement ("CBA") between the Company and the Union.

Unable to resolve the matter through correspondence or discussion, the Union initiated this Petition to Compel Arbitration.

**Analysis**

**I.  Jurisdiction**

Section 301 of the Labor-Management Relations Act ("LMRA") confers federal subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . ." 29 U.S.C. § 185. In this case, the Union is a labor organization and the Company is an employer under the LMRA. Moreover, the Union is essentially claiming that the Company breached the CBA by filing a written grievance and bringing this action to compel arbitration. *See Int'l Ass'n of Machinists & Aerospace Workers v. Gen. Elec. Co.*, 865 F.2d 902, 906 (7th Cir. 1989) ("A 'grievance' is merely a claim of breach of the collective bargaining agreement"). Therefore, this court has jurisdiction under Section 301 of the LMRA because the case is about an alleged violation of the CBA between an employer and a labor organization. *See Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm. v. Troha*,

328 F.3d 325, 328 (7th Cir. 2003) (§ 301 authorizes federal-question jurisdiction on breach of contract allegations).

II.     Standard of Review

Without citing any legal authority or giving any reasoning, the Company simply concludes that this court should treat the Union's Petition to Compel Arbitration as a motion for summary judgment that should be denied because of disputed facts.  Specifically, the Company argues that the parties dispute what subject matters they intended to arbitrate when they agreed to the arbitration clause in the CBA, and therefore a hearing is necessary to determine the parties intent.

The approach suggested by the Company is at odds with the one consistently taken by other courts that have not treated petitions to arbitrate as motions for summary judgment. Instead, courts resolve petitions to compel arbitration by interpreting the arbitration clause to decide whether the subject matter of the dispute is subject to arbitration, leaving issues of procedural arbitrability to the arbitrator, as will be discussed in greater detail below.  *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556-58 (1964) (holding that the court is only to decide upon substantive arbitrability while issues about procedural arbitrability such as timeliness of filing a grievance are for the arbitrator); *Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.*, 860 F.2d 1420, 1424 (7th Cir. 1988) (same).  Because the Company failed to cite any legal authority or provide any other compelling reason to persuade this court to deviate from the established approach, we will not treat the petition to compel arbitration as a motion for summary judgment.

## III. Arbitrability

The Federal Arbitration Act ("FAA") governs the arbitrability over disputes between the parties to a written agreement. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). It "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate." *Id.* Specifically, Section 4 of the FAA provides a cause of action for the aggrieved party to compel arbitration against the other party pursuant to a non-transportation employment contract. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122-23 (2001); 9 U.S.C. §4. It provides:

> A party aggrieved by the alleged failure, neglect, or refusal, of another to arbitrate under a written agreement for arbitration may petition any United States District Court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement . . . The court shall hear the parties, and upon being satisfied of the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. §4.

A court cannot compel a party to arbitrate disputes that the party never agreed to arbitrate. *See AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 648 (1986). Arbitration is a matter of contract and cannot be forced upon a party that did not agree to it. *Id.* The threshold question is, then, whether the parties contractually agreed to submit the disputed subject matter for arbitration. *See United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567-68 (1960). In other words, the court must first determine whether there is substantive arbitrability. *See Beer,*

*Soft Drink & Helpers, v. Metro. Distribs., Inc.*, 763 F.2d 300, 303 (7th Cir. 1985). The court, instead of the arbitrator, is to decide the issue of substantive arbitrability by interpreting the arbitration agreement. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 326 (7th Cir. 1995); *see also Chicago Typographical*, 860 F.2d at 1424 (same). In contrast, questions over whether the grievance procedure set forth in the parties' agreement has been followed, and the consequences of an unexcused failure to follow such procedures, are issues of procedural arbitrability reserved for the arbitrator. *Chicago Typographical*, 860 F.2d at 1424.

  *A. Substantive Arbitrability*

A dispute arising under a contract that contains an arbitration clause is presumptively arbitrable, "unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *See Chicago Typographical*, 860 F.2d at 1423 (internal citations omitted); *see also Niro v. Fearn Int'l, Inc.*, 827 F.3d 173, 175 (7th Cir. 1987) (recognizing that "arbitration is favored"). Specifically, the court should construe arbitration clauses broadly, with doubts resolved in favor of coverage. *See Moses H. Cone*, 460 U.S. at 24-25; *AT&T Techs.*, 475 U.S. at 650; *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability").

In order to determine the matters subject to arbitration, the court first sets out the language of the arbitration clause at issue:

> Differences of opinion or disputes between representatives of the Employer and
> any employee or Union representative regarding interpretation or alleged violation

> of any provision of this Agreement may become the subject of arbitration only after all steps of the grievance procedure have been utilized and have failed to produce accord between the parties hereto.

Collective Bargaining Agreement, § 17.

The subject matter of the parties' dispute is Luna's suspension and later termination for his alleged refusal to cooperate with the Company's anti-drug program and his failure to pass a drug test. The Company does not contend, however, that an employee's termination falls outside the scope of subjects that can be arbitrated under the CBA. Instead, it argues that the Union waived its right to arbitrate the subject of Luna's termination by failing to file a written grievance about it.

The Company's argument is untenable. The Seventh Circuit considered and rejected a similar argument in *International Brotherhood of Electrical Workers v. Illinois Power Co.*, 357 F.2d 916, 918 (7th Cir. 1966). In *International Brotherhood*, the parties' collective bargaining agreement permitted arbitration of "any difference" between the parties. *Id.* at 918. The collective bargaining agreement also required that any grievance be initiated within five working days after the facts giving rise to the grievance occurred or first become known. *Id.* at 918. The collective bargaining agreement stated explicitly that any failure by the union to meet the five-day deadline constituted a waiver of its right to arbitrate the subject of the grievance. *Id.* However, the union waited nine months to file a grievance over a reclassification of employees, and the company argued that the subject of the union's grievance could therefore no longer be arbitrated.

The Seventh Circuit disagreed. It concluded that the dispute about reclassification of employees was a subject matter eligible for arbitration because there was no express limitation on the type of arbitrable "difference" between the parties. *Id.* at 918-19; *accord United Steelworkers of Am. v. Warrior & Gulf Nav., Co.*, 363 U.S. 574, 584-85 (1960) ("In the absence of any express provision excluding a particular grievance from [a broad] arbitration [clause] . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail)." The court concluded that the waiver issue was actually an issue not of subjective arbitrability, but rather one involving the arbitration clause's procedural requirements, and the effect of procedural shortcomings are to be decided by the arbitrator, not the court. *Id.* at 919.

Simlarly, the instant arbitration clause is broad and contains no limitation that eliminates the termination of an employee as an arbitrable subject matter. Therefore, the termination of Luna is subject to arbitration. The question of whether or not the Union waived its ability to arbitrate Luna's termination is an issue of procedural arbitrability which, as discussed in the following section, is an issue to be determined not by the court, but rather by the arbitrator.

B.  *Procedural Arbitrability*

As noted earlier, procedural arbitrability includes disputes over whether the grievance procedure had been followed, as well as the consequences of an unexcused failure to follow such procedures. Once the court has determined that the dispute at issue is a proper subject matter for arbitration, procedural arbitrability should be left to the arbitrator. *See John Wiley*, 376 U.S. at 557; *see also Int'l Ass'n of Machinists*, 865 F.2d at 906 ("[T]he arbitrator . . . is empowered to

decide whether the parties have taken whatever procedural steps are required to preserve their right to arbitrate a particular dispute"); *Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 581 (7th Cir. 2006) (stating that the arbitrator, rather than the court, should decide allegations of waiver, delay, or a like defense to arbitrability); *Int'l Bhd.*, 357 F.2d at 919 (recognizing that the Supreme Court has held that "procedural disputes relating to arbitrability are for the arbitrator, not the court, to decide").

Accordingly, the Company's argument that the Union's failure to file a separate written grievance bars arbitration is a matter of procedural arbitrability. Because this is an issue of procedural arbitrability, this court cannot examine the issue.

## CONCLUSION

The consequences of Union's alleged failure to file a written grievance about Luna's termination is a procedural issue to be addressed by an arbitrator. Therefore, the Union's motion to compel arbitration is granted. The clerk is directed to enter judgment in favor of the Union and to terminate this case from the court's docket.

ENTER:

DATE: October 5, 2007

*Blanche M. Manning*
Blanche M. Manning
United States District Judge